UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN EUGENE RICE,<br><br>Petitioner,<br><br>v.<br><br>DANIEL PARAMO,<br><br>Respondent. | Case No. 1:18-cv-00111-LJO-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT DENY RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE COURT REMEDIES<br><br>ECF No. 15 |

Petitioner Justin Eugene Rice, a state prisoner represented by counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. He advances two habeas claims: (1) insufficient evidence and (2) ineffective assistance of counsel. Respondent moves to dismiss the second claim, arguing that petitioner had failed to exhaust state court remedies as to that claim. ECF No. 15. For the reasons discussed below, we recommend that the court deny respondent's motion to dismiss and require briefing on the merits.

I. **Background**

We draw the factual account below from the opinion of the Court of Appeal of the State of California, Fifth Appellate District ("Court of Appeal"). ECF No. 15-1. The parties have not disputed this summary of facts pertaining to petitioner's second habeas claim:

> On the afternoon of August 20, 2009, defendant Justin Eugene Rice crossed over into the oncoming traffic lane in his truck and hit a sedan carrying five women head-on, killing three of them and injuring the other two. Defendant was charged by information with three counts of second degree murder in violation of Penal Code section 187, subdivision (a) (counts 1-3); three counts of gross vehicular manslaughter while intoxicated in violation of section 191.5,

> subdivision (a) (counts 4-6); one count of driving under the influence of alcohol or drug and causing great bodily injury in violation of Vehicle Code section 23153, former subdivision (a) (count 7); and two counts of resisting an executive officer by the use of force or violence in violation of section 69 (counts 8 & 9). The information further alleged that as to counts 1 through 6, defendant had a prior serious felony conviction (§ 667, subd. (a)(1)); as to count 7, defendant inflicted great bodily injury or death to four victims (Veh. Code, § 23558); and defendant had a prior strike conviction (§ 667, subds. (b)-(i)), served five prior prison terms (§ 667.5, subd. (b)), and committed the offenses while on bail or on his own recognizance (§ 12022.1).
>
> . . .
>
> [T]he jury sent the following note during deliberation: "In the case of a greater or lesser charge—do we have to acquit on the greater charge before we can move on to the lesser? (We disagree on the greater, but all agree on the lesser.)" After consulting with counsel and reaching an agreement, the trial court answered the question, which included directing the jury to instructions and rereading a portion from them. The jury thereafter returned verdicts convicting defendant of the lesser charges of involuntary manslaughter and resisting an executive officer, but did not complete verdicts for the greater offenses of second degree murder and resisting an executive officer by the use of force or violence. As soon as the verdicts were read, defendant's counsel sought to approach and, in an unreported bench conference, notified the court of the incomplete verdicts. The trial court sent the jury back for further deliberations on the greater offenses, after which they returned verdicts convicting defendant of second degree murder and acquitting him of resisting an executive officer by the use of force or violence.

ECF No. 15-1 at 3, 25-26. On direct appeal, petitioner argued that he had received ineffective assistance of counsel because his trial attorney brought the court's attention to the incomplete verdict form. The Court of Appeal rejected petitioner's claim, reasoning as follows:

> Had the jury's irregular verdict in this case as it stood initially been recorded and the jury discharged, *defendant would have stood convicted of three counts of involuntary manslaughter and impliedly acquitted of the second degree murder counts, with retrial barred.* . . . In this case, we are left to speculate as to counsel's motive. The trial court record sheds no light on why trial counsel acted as he did; he was not asked to explain his performance; [and] although we may doubt that a satisfactory explanation could be provided, we are unable to conclude that it could not. . . . For this reason, we find defendant's claim is more appropriately resolved by writ of habeas corpus and we reject his challenge on direct appeal.

*Id*. at 27-28 (emphasis added). Petitioner then sought review by the California Supreme Court, but his request for review was summarily denied. ECF No. 2; ECF No. 3. Petitioner has not filed a habeas petition in state court.

## II. Discussion

Generally, a federal court may not grant a state prisoner's petition for a writ of habeas corpus unless the prisoner has exhausted remedies in state court. *See* 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, a petitioner must "fairly present" his habeas claims "in each appropriate state court . . . including a state supreme court with powers of discretionary review." *Murray v. Schriro*, 882 F.3d 778, 807 (9th Cir. 2018). The exhaustion requirement, rooted in the principles of comity, ensures that the state courts have "the first opportunity . . . to correct the errors made in the internal administration of their prisons." *Simpson v. Thomas*, 528 F.3d 685, 692 (9th Cir. 2008).

Here, petitioner has presented his claims to appropriate state courts, including the California Supreme Court. *See* ECF No. 15-2. Petitioner, represented by counsel, has adequately briefed the issues pertaining to claims before the California Supreme Court. *See id*. He is asserting before this court the same claims he has presented to the California Supreme Court. *Compare id. with* ECF No. 1.

Respondent contends that petitioner has not exhausted his claim of ineffective assistance of counsel, as indicated by the Court of Appeal. According to respondent, because the Court of Appeal stated that petitioner's claim of ineffective assistance of counsel was more appropriately addressed in a state habeas proceeding—rather than direct appeal—and petitioner failed to pursue a habeas petition in state court, the court should dismiss petitioner's claim of ineffective assistance of counsel. *See* ECF No. 15 at 5-6. In support of this argument, respondent relies on *Turner v. Compoy*, 827 F.2d 526 (9th Cir. 1987), but *Turner* does not support respondent's argument. "*Turner* held that a prisoner need exhaust only one avenue of relief in state court before bringing a federal habeas petition; claims are properly exhausted if pursued to the state's highest court on direct review and denied on the merits, even if the prisoner does not seek state collateral review." *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *see also Turner*, 827 F.2d at 528. The holding in *Turner* was not—as respondent argues—"where a state appellate court expressly denies relief of an ineffective-assistance-of-counsel claim based on the adequacy of the record, the denial on this basis would be a procedural denial that would not exhaust the claim." ECF No. 15 at 5.

3

Under *Turner*, which remains good law,[1] petitioner need not pursue a state habeas petition; he has presented his claims on direct appeal before the California Supreme Court. *See Turner*, 827 F.2d at 528 ("Thus, since Turner raised each of his claims by direct appeal to the California Supreme Court, it appears unnecessary for him to have filed for state habeas relief."); *Roberts v. Cate*, No. 11-cv-2869, 2013 WL 3973079, at *37 (S.D. Cal. Aug. 1, 2013) ("Although the California Court of Appeal stated the ineffective assistance of counsel claim is more appropriate for habeas review, [petitioner] is not required to go through state court habeas proceedings before bringing his claim to federal court.") (relying on *Turner*).

## III. Other matters

We end by addressing two other matters. First, only the holdings of U.S. Supreme Court decisions can identify "clearly established Federal law," *see Atwood v. Ryan*, 870 F.3d 1033, 1046 (9th Cir. 2017), and appeals to broad constitutional principles do not raise federal claims, *see Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Casey v. Moore*, 386 F.3d 896, 913 (9th Cir. 2004). The petition, drafted by petitioner before he obtained counsel, does not cite to Supreme Court holdings. Now that petitioner has obtained counsel, the court expects the parties to address whether Supreme Court holdings support petitioner's habeas claims.[2]

Second, respondent informs the court that a hearing has not been scheduled. Respondent states in his reply brief: "The motion to dismiss was noticed to be heard by Magistrate Judge Michael J. Seng. After the motion was filed, this case was reassigned to this Court. As of the time this reply brief was filed, Respondent has been unable to determine whether the date and time for the hearing will change." ECF No. 18 at 1. Respondent also filed a notice, stating that a hearing has not been scheduled. ECF No. 19 at 1. Under Local Rule 230(l), all motions in prisoner cases are submitted without oral argument. It appears that a hearing was scheduled before Judge Seng as a result of an administrative error. Respondent's effort to bring this matter to the court's attention

---

[1] *See Brown*, 68 F.3d at 1211; *Smith v. McDonald*, 597 F. App'x 911, 913 (9th Cir. 2014) (relying on Turner).

[2] A new briefing schedule will issue if the court adopts these findings and recommendations.

4

is appreciated. Unless either party persuades the court that oral argument is appropriate, this case will proceed without a scheduled oral argument.

**IV.  Findings and recommendations**

The court should deny respondent's motion to dismiss. ECF No. 15.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:     January 23, 2019                              /s/ Jeremy Peterson
                                                    UNITED STATES MAGISTRATE JUDGE